**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Maria Ana Cordero-Pereyra,

Petitioner,

v.

Markwayne Mullin, et al.,

Respondents.

No. CV-26-03674-PHX-KML

**ORDER**

Magistrate Judge Alison S. Bachus issued a Report and Recommendation ("R&R") recommending petitioner Maria Ana Cordero-Pereyra's petition for writ of habeas corpus be granted to the extent Cordero-Pereyra should be afforded a bond hearing at which respondents bear the burden of proof, but otherwise denied. (Doc. 16.) Cordero-Pereyra filed objections, but respondents did not respond addressing them. (Doc. 19.) Cordero-Pereyra notified the court of respondents' failure to respond, including argument in that notice such that it amounts to an improper sur-reply. (Doc. 20 at 1-2.) Filing a sur-reply is not permitted without first obtaining permission from the court, and such permission is rarely granted.

Having nonetheless reviewed the portions of the R&R Cordero-Pereyra objected to de novo, it is adopted in part.[1] Cordero-Pereyra objects insofar as the R&R recommends ordering a new bond hearing, arguing she should instead be immediately released. (Doc. 19 at 1.) Alternatively, she requests her bond hearing be held within seven days instead of

[1] Cordero-Pereyra did not object to the R&R's allocation of the burden of proof to respondents in a new bond hearing and that conclusion is also adopted.

thirty as the R&R recommended. (Doc. 19 at 1.) Across several filings, she also provided evidence of developments in her criminal and immigration cases that she asks this court to consider in ordering immediate release. (Docs. 17 at 3-6; 19 at 1.)

The R&R correctly concluded Cordero-Pereyra should receive a bond hearing instead of immediate release. The court's prior habeas order found that Cordero-Pereyra is detained under 8 U.S.C. § 1226(a). *See Cordero-Pereyra v. Rosa*, No. CV-26-01224-PHX-KML (ASB), Doc. 7 at 2 (D. Ariz. Mar. 6, 2026). Aliens detained under that statute may be released on bond. 8 U.S.C. § 1226(a)(1)-(2); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) ("Under § 1226(a) and its implementing regulations, a detainee may request a bond hearing before an IJ at any time before a removal order becomes final."). They may also request additional bond hearings "whenever they experience a material change in circumstances warranting a redetermination of custody status." *Id.* at 1195. Section 1226(a)'s procedures have been used "as a reference point for what . . . should be required under . . . other statutory provisions," with many courts holding bond hearings to be the appropriate remedy for due process challenges to immigration detention. *Id*. at 1202, 1203-07 (collecting cases). And even for aliens whose detention is mandated by statute—unlike those detained under § 1226(a)—"courts can and overwhelmingly do order bond hearings when granting habeas petitions." *Yacoub v. Scott*, No. 2:26-CV-00783-TL, 2026 WL 1107805, at *8 (W.D. Wash. Apr. 23, 2026). Cordero-Pereyra has not shown she is entitled to immediate release.

This conclusion is only reinforced by Cordero-Pereyra's filings after the R&R issued. She provides evidence suggesting that after her previous bond hearing, one of her criminal charges was dismissed and U.S. Citizenship and Immigration Services found she established "a prima facie case for classification under the self-petitioning provisions of the Violence Against Women Act." (Doc. 17 at 3, 5-6.) These may have been material changed circumstances entitling Cordero-Pereyra to an additional bond hearing regardless of whether this court ordered one. *See Rodriguez Diaz*, 53 F.4th at 1195. Given that this court applies abuse-of-discretion review to immigration detention determinations, under

which it "cannot reweigh evidence but can only determine whether the [immigration court] applied the correct legal standard," it is appropriate to allow the immigration judge to evaluate the effects of those developments on Cordero-Pereyra's detention in the first instance. *Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024) (simplified); *cf. Montes-Lopez v. Gonzales*, 486 F.3d 1163, 1165 (9th Cir. 2007) (holding in a different immigration due-process context that remand should be the ordinary rule and federal courts are "are not permitted to decide a claim that the immigration court has not considered in the first instance.").

The R&R's recommendation that the court should grant Cordero-Pereyra's request for a bond hearing at which the government must bear the burden of showing that she should not be released on bond is therefore adopted. At the time it issued, the R&R reasonably recommended that hearing be held within 30 days. But given the time that passed during the R&R process, the court will sustain Cordero-Pereyra's objection to the timing and order the hearing instead be conducted within seven days.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 16) is **ADOPTED** in part. Within **seven days**, respondents must provide Petitioner a bond hearing before a neutral adjudicator at which the government must bear the burden of showing that Petitioner should not be released on bond because she is a flight risk or a danger to the community pursuant to the requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), or release her from custody under the same conditions that existed before her detention.

**IT IS FURTHER ORDERED** respondents must provide a notice of compliance within **two days** of releasing petitioner or providing her a bond hearing, **including the outcome of the bond hearing**.

/

/

**IT IS FURTHER ORDERED** the petition for writ of habeas corpus (Doc. 1) is **GRANTED** to the extent it seeks an additional bond hearing. The Clerk of Court shall enter judgment and close this case.

Dated this 31st day of August, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**